The undersigned have reviewed the prior Opinion and Award based upon the proceedings before Deputy Commissioner Garner and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award.
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. An employment relationship existed between plaintiff-employee and defendant-employer.
3. The defendant-employer was noninsured.
4. Plaintiff's average weekly wage at all relevant times was $340.00 which yields a compensation rate of $226.78 per week.
5. Plaintiff alleges an injury by accident on April 2, 1996, giving rise to this claim.
6. The issue to be determined by the Industrial Commission is whether plaintiff experienced an injury by accident or a specific traumatic incident to his back on April 2, 1996.
******************
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. Plaintiff was employed by the defendant-employer to perform installation and maintenance to tanning beds that defendant-employer distributed in the Triangle area of North Carolina.
2. In mid March, 1996, plaintiff was sent to make repairs on equipment owned by Golden Bear Tanning Salon in Durham. Plaintiff did not have all of the parts necessary to complete the repairs at that time. He had to return to the salon on or about April 2, 1996 to complete said repairs.
3. While at the salon on this second visit, plaintiff stated to Wendy Roberts, the salon owner, that he had injured his back the previous weekend. As a result of plaintiff's statement, Ms. Roberts assisted the plaintiff in lifting and moving a tanning bed so that he could complete the repairs. At no time did plaintiff state to her that he had hurt his back while working at her tanning salon. Subsequent to this visit to the Golden Bear Tanning Salon, plaintiff complained to his supervisor, that he had injured his back while moving tanning beds at the salon.
4. After treating with Physicians' Total Rehab from April 9, 1996 until June, 1996, plaintiff was released to return to work.
5. Plaintiff filed a Form 18 on April 22, 1996 with the North Carolina Industrial Commission in which he indicated that his injury occurred on April 2, 1996.
6. Contrary to plaintiff's testimony at the hearing that he first met the owner of the Golden Bear Tanning Salon, Wendy Roberts, in January, 1996 while performing service repairs at her salon, Ms. Roberts had never seen the plaintiff prior to his first visit of March, 1996, and it was when plaintiff returned to complete the repairs, that plaintiff told her he had hurt his back the previous weekend. Testimony of Ms. Roberts, an uninterested third party, is in contradiction to plaintiff's testimony that he had hurt his back while at her salon. The Full Commission finds that the testimony of Ms. Roberts is credible.
******************
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. The plaintiff has failed to prove by the greater weight of the credible evidence of record that he sustained an injury by accident or a specific traumatic incident to his back on April 2, 1996, which arose out of and in the course of his employment with defendant-employer. N.C. Gen. Stat. § 97-2(6).
******************
Based upon the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commission and enters the following:
AWARD
1. Plaintiff's claim under the law must be and is HEREBY DENIED.
2. Each side shall pay its own costs.
 S/ ___________________________ PHILLIP A. HOLMES DEPUTY COMMISSIONER
CONCURRING:
S/ ___________________________ DIANNE C. SELLERS COMMISSIONER
S/ ___________________________ WANDA BLANCHE TAYLOR DEPUTY COMMISSIONER
PAH:dpd